# IN THE COURT OF APPEALS OF IOWA

No. 13-0291
Filed July 16, 2014

**DOUGLAS E. KURTZ,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.

_____

Appeal from the Iowa District Court for Polk County, Eliza J. Ovrom, Judge.

A postconviction relief applicant appeals from the denial of his application. **AFFIRMED.**

Michael J. Piper, Dickey & Campbell Law Firm P.L.C.,, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, John P. Sarcone, County Attorney, and Stephan Bayens, Assistant County Attorney, for appellee.

Considered by Vogel, P.J., and Doyle and Mullins, JJ.

**MULLINS, J.**

Douglas Kurtz appeals from the denial of his application for postconviction relief (PCR). He contends the sentencing court erred in applying the sentencing enhancement for second-and-subsequent offenders under Iowa Code section 124.411 (2011). He argues on appeal that the underlying convictions were void because the sentences on the convictions were illegal. We find Kurtz's claims of illegal sentences do not render the convictions invalid. Therefore, we affirm the court's denial of the application for postconviction relief.

## I. Background Facts & Proceedings.

In 2011, Kurtz pled guilty to manufacturing a controlled substance as a second or subsequent offender, in violation of Iowa Code section 124.401(1)(c)(6). The court applied the second-and-subsequent-offender sentencing enhancement under Iowa Code section 124.411, based on Kurtz having prior drug convictions in 1987 and 1997.

### 1. Predicate Convictions.

#### a. 1987 Conviction.

In 1987, Kurtz was found guilty of possession of marijuana with intent to deliver as a habitual offender and second-degree sexual abuse. Kurtz received an indeterminate sentence of fifteen years on the drug conviction. We affirmed the convictions on direct appeal. *State v. Kurtz*, No. 87-499, 1988 WL 127285 (Iowa Ct. App. June 29, 1988). In 1989 Kurtz filed a PCR application arguing, among other things, that his trial counsel had a conflict of interest when

representing him.[1]  This court found there was a conflict of interest and granted his application, reversing Kurtz's conviction for second-degree sexual abuse and remanding the case for new trial.  *Kurtz*, 1990 WL 263925.  On remand, Kurtz pled guilty to third-degree sexual abuse and lascivious acts with a child.  On the sex abuse conviction, he received an indeterminate sentence of ten years to run concurrently with the earlier sentence on the drug conviction.  On the lascivious acts conviction, he received an indeterminate five year sentence, to run consecutively to the drug conviction.

Kurtz filed a second application for PCR in April 2012, arguing his sentence on the drug conviction was illegal because the court failed to impose the mandatory minimum sentence of at least three years[2] and failed to impose a fine.  The postconviction court denied this application.  In December 2013, we affirmed the denial.  *Kurtz v. State*, No. 12-1716, 2013 WL 6388642, at *3 (Iowa Ct. App. Dec. 5, 2013).  We found the fine was not mandatory under the law applicable at the time of the offense.  *Id.*  We also found that because Kurtz had "served the entirety of his habitual offender sentence" and there was "nothing more the court [could] do" with regard to the mandatory minimum sentence, his argument was moot.  *Id.*  Our supreme court denied further review on February 28, 2014.

---

[1] Kurtz was convicted of sexually abusing a child.  His trial attorney on that charge previously had been employed in the county attorney's office and represented the State in a child-in-need-of-assistance petition, removing the same child from Kurtz's home. *Kurtz v. State*, No. 89-0820, slip op. at 14-16 (Iowa Ct. App. Aug. 330, 1990.  This court reversed the conviction and remanded for new trial.  *Id.* at 16.

[2] Iowa Code section 902.8 requires a habitual offender to be incarcerated a minimum of three years before being eligible for parole.

### b. 1997 Conviction.

In 1997, Kurtz pled guilty to possession of methamphetamine with intent to deliver as a second or subsequent offender and possession of marijuana with intent to deliver as a second or subsequent offender. Although he was advised at the plea hearing that there was a mandatory one-third minimum on the possession-of-methamphetamine-with-intent-to-deliver offense, the court did not include the mandatory minimum in the sentencing. It sentenced Kurtz to ten years and five years on the offenses respectively, to run consecutively. Kurtz filed a direct appeal but later withdrew it.

In March 2004, Kurtz filed a motion to correct illegal sentence, arguing the court had failed to impose the mandatory minimum on the methamphetamine conviction. The court denied the motion but entered an order revising the sentence to include the mandatory minimum. Kurtz filed a motion to vacate the order. The court then vacated its ruling revising the sentence. In responding to the motion, the State urged the court to find Kurtz's issues moot because he was scheduled for release in June 2004. The court vacated Kurtz's sentence as to the methamphetamine conviction and ordered a resentencing. The resentencing, however, did not occur until April 2013.

In April 2013, the court held a hearing on the case. Kurtz stated he wanted to withdraw his guilty plea because the conviction in the 1997 case was being used to enhance the sentence in his 2011 conviction. The district court found, because his sentence had expired and he had been discharged, Kurtz's argument that the sentence was illegal for failure to impose a one-third minimum

was moot. The district court vacated its previous order setting the conviction for resentencing. Therefore, the original sentence imposed in 1997 remained in place. Kurtz appealed to this court, and we affirmed. *State v. Kurtz*, No. 13-0715, 2014 WL 958033 at *4 (Iowa Ct. App. Mar. 12, 2014). Our supreme court denied further review on May 28, 2014.

## 2. Enhanced 2011 Conviction.

In 2011, Kurtz pled guilty to manufacturing a controlled substance as a second or subsequent offender, in violation of Iowa Code sections 124.401(1)(c)(6) and 124.411, and possession of lithium with intent to manufacture a controlled substance, in violation of Iowa Code section 124.401(4). During the plea hearing, after explaining the conduct that made him factually guilty of the two charges, Kurtz and the court had the following exchange:

> THE COURT: All right. Now, do you admit that you have a prior conviction on or about July 14, 1997, in Woodbury County for possession of a controlled substance with intent to deliver?
> THE DEFENDANT: Yes, Your Honor. I had two convictions on that day.
> THE COURT: All right.
> THE DEFENDANT: One for methamphetamine and one for marijuana.
> THE COURT: All right. Okay. The possession of a controlled substance with intent to deliver, was that for methamphetamine or marijuana?
> THE DEFENDANT: I believe they were both charged, and I pled guilty to possession with the intent to deliver both marijuana and methamphetamine.
> THE COURT: Gotcha. And were you represented by an attorney in that case?
> THE DEFENDANT: Yes, I was, Your Honor.
> THE COURT: And were you also on May 21, 1987, in Woodbury County, convicted of the offense of manufacturing/delivery of a controlled substance?

> THE DEFENDANT:  Yes, I was, Your Honor.
> THE COURT:  And were you represented by an attorney in that case?
> THE DEFENDANT:  No, Your Honor.  I represented myself during a jury trial in that case.
> THE COURT:  And did you—you waived your right to have an attorney represent you?
> THE DEFNEANDT:  Yes, I did.
> THE COURT:  You had been advised by the court at that time that you had the right to have an attorney represent you, I presume?
> THE DEFENDANT:  Yes.  Yes, Your Honor.

At the same time, the court explained his obligation, and Kurtz waived his right to file a motion in arrest of judgment, and Kurtz sought to proceed to sentencing. Kurtz stated he understood the second-or-subsequent-offender enhancement as it appeared in his plea agreement and that if he chose to go to trial the State would be required to prove the prior convictions.

The court, following the plea agreement, sentenced Kurtz to up to twenty years on the second-or-subsequent-offender conviction with a mandatory one-third minimum and up to five years on the possession of lithium offense, to be served consecutively.  Kurtz did not file a motion in arrest of judgment, nor did he file a direct appeal.  On February 2, 2012, he filed an application for PCR, which the postconviction court denied.[3]  He now appeals, arguing the two prior drug offenses are not valid convictions and cannot be used to support the court's imposition of the second-or-subsequent-offender sentencing enhancement on the 2011 conviction.

---

[3] Kurtz also filed a pro se motion to reconsider, which the postconviction court denied.

**II.    Standard of Review.**

We review claims of an illegal sentence for errors at law.  *State v. Davis*, 544 N.W.2d 453, 455 (Iowa 1996).

**III.    Analysis.**

Kurtz argues that the postconviction court erred in denying his PCR application because the trial court's application of the second-or-subsequent-offender enhancement to the sentence on the 2011 conviction was illegal, the court having relied upon the 1987 and 1997 convictions, which he argues also were illegal.  Kurtz correctly claims that if his argument is properly labeled as a challenge to an illegal sentence, it may be corrected at any time.  Iowa R. Crim. P. 2.24(5)(a); *State v. Bruegger*, 773 N.W.2d 862, 872 (Iowa 2009).  However, if this is in reality a challenge to the factual basis of the plea in the 2011 conviction, as the State contends, then Kurtz would need to have preserved error to proceed.

In the trial information on Kurtz's 2011 charges, the State alleged the existence of prior drug convictions in 1987 and 1997.  During the plea hearing, the court specifically advised Kurtz on the nature of the enhancement in the plea agreement and informed him that if he proceeded to trial, the State would be required to prove the existence of the prior convictions.  Kurtz acknowledged he understood what the State would have to prove and understood the nature of the enhancement.  The court then elicited a factual basis supporting the existence of the two prior convictions, which Kurtz himself provided by admitting he had two prior drug convictions from 1987 and 1997.

In this postconviction proceeding, Kurtz is arguing that there was no factual basis for the court to find in 2011 that he was a second-or-subsequent offender. That argument is premised on his assertion that, because the courts in the 1987 and 1997 proceedings had failed to sentence him precisely as required by statutes in effect at those respective times, somehow his convictions were void. His argument is that if the convictions were void, then those void convictions could not provide a factual basis for his guilty plea to the 2011 offense.

A guilty plea taken in conformity with the rules of procedure waives all defenses and objections. *State v. LaRue*, 619 N.W.2d 395, 398 (Iowa 2000). Challenges to a guilty plea must be raised in a motion in arrest of judgment; otherwise, they are not preserved for appeal. *State v. Gant*, 597 N.W.2d 501, 503 (Iowa 1999).[4] At the plea hearing of the 2011 offense, the court advised Kurtz of the need to file a motion in arrest of judgment, and Kurtz waived his right to do so in favor of proceeding to sentencing based on a plea agreement he acknowledged he understood. He asserts no other deficiency in the guilty plea. Thus, Kurtz waived error on the 2011 guilty plea. It would be tempting to end the analysis there, but Kurtz's argument attempts to raise a challenge based not simply on facts that existed at the time the 2011 plea was entered but on collateral attacks on the finality of the 1987 and 1997 judgments of conviction.

---

[4] Failure to file a motion in arrest of judgment does not preclude appellate review if the failure is due to ineffective assistance of counsel. *State v. Kress*, 636 N.W.2d 12, 19 (Iowa 2001). Kurtz does not argue his counsel was ineffective.

Kurtz's argument and the implications of his argument can be summarized as follows: a judgment of conviction is not final until a defendant is sentenced; an illegal sentence can be challenged or corrected at any time; any conviction that results in imposition of an illegal sentence is not a final conviction; even when the illegality of a sentence is moot, the conviction is not final; any appeal or postconviction challenge to a sentence renders the conviction not final during the pendency of the appeal or postconviction proceeding; and any prior conviction for which an illegal sentence was imposed is not a valid prior conviction for purposes of enhancing a subsequent conviction. Under his logic, his 2011 sentence was illegal—and therefore subject to challenge at any time[5]—because it was an enhanced sentence based on prior convictions which were subject to challenges as having resulted in illegal sentences.

The fundamental questions then are: (1) what is the meaning and effect of a conviction; and (2) does an illegal sentence impugn the validity of a conviction? In the present case, the term "conviction"—as it relates to the 1987 and 1997 convictions—is being used for purposes of enhancing the sentence of punishment in the 2011 conviction. While the statutory provision authorizing the sentence has a component of protecting the community, in this context the principle purpose of the sentences imposed in the 1987 and 1997 cases was to punish the defendant. Accordingly, the term "conviction" is being used here in its narrow, "technical legal sense [and] require[d] a formal adjudication by the

_____

[5] *See Bruegger*, 773 N.W.2d at 869.

court and the formal entry of judgment of conviction."[6]  *Daughenbaugh,* 805 N.W.2d at 597.  Iowa law contemplates that the entry of judgment of conviction and sentencing will occur at the same time.  Iowa Code § 901.5; Iowa R. Crim. P. 2.23(1), (3).  There appears to be no dispute that in the 1987 and 1997 cases, the respective courts timely entered judgments of conviction and sentence at the same time.

An appeal or subsequent challenge to a conviction and sentence does not render the judgment of conviction unenforceable during the pendency of the appeal.  *See* Iowa Code § 811.5 (absent bail, defendant must begin serving the applicable sentence).  A challenge to the legality of a sentence—even a challenge of constitutional magnitude—does not affect the enforceability of the underlying conviction.  *See, e.g.*, *State v. Hoeck,* 843 N.W.2d 67, 72 (Iowa 2014). All such a challenge does is affect the enforceability of the particular sentence. In such a case, the defendant is entitled to be resentenced appropriately under existing law.  While Iowa law permits a claim of an illegal sentence to be raised at any time—even on a collateral attack[7]—there is no Iowa authority to suggest that a claim of an illegal sentence can be used to collaterally attack the conviction upon which an illegal sentence is based.  Further, under federal habeas corpus law applying federal constitutional principles, in the absence of a successful constitutional challenge to the validity of the underlying conviction, even an

---

[6] When the term "conviction" is used "in its general and popular sense, conviction means the establishment of guilt independent of judgment and sentence."  *Daughenbaugh v. State,* 805 N.W.2d 591, 597 (Iowa 2011).  This broader sense is used when the primary purposed of the statute is to protect the public.  *Id.* at 598.

[7] *See Hoeck*, 843 N.W.2d at 71.

appellate decision reversing or vacating an illegal sentence will not support a collateral attack on the underlying conviction. *Custis v. United States,* 511 U.S. 485, 497 (1994).

Kurtz's 1987 conviction[8] and 1997 conviction have never been successfully challenged despite various motions, appeals, and postconviction actions. We see no error in the district court's reliance upon them for enhancing the sentence on the 2011 conviction. For the foregoing reasons, we affirm denial of the application for PCR.

## IV. Conclusion.

Kurtz's claims of illegal sentences arising out of his 1987 and 1997 drug convictions could not render the convictions invalid, even if he had been successful in challenging the legality of the sentences. Accordingly, we affirm denial of the application for PCR.

**AFFIRMED.**

---

[8] Despite the 1990 remand on the sexual abuse count, the drug conviction was never successfully challenged on any ground.