# IN THE COURT OF APPEALS OF IOWA

No. 14-0529
Filed January 14, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**AARON DWAYNE GUNDERSON,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Worth County, Bryan H. McKinley (sentencing) and Colleen D. Weiland (hearing), Judges.


Aaron Gunderson appeals the district court's denial of his motion to correct an illegal sentence. **REVERSED AND REMANDED**


Mark C. Smith, State Appellate Defender, and Rachel C. Regenold, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Tyler J. Buller and Scott D. Brown, Assistant Attorneys General, and Jeffrey H. Greve, County Attorney, for appellee.


Considered by Mullins, P.J., and Bower and McDonald, JJ.

**BOWER, J.**

Aaron Gunderson appeals the district court's denial of his motion to correct an illegal sentence. We reverse and remand on appeal by memorandum opinion pursuant to Iowa Court Rule 21.26(1)(a).

On January 27, 2012, Aaron Gunderson was convicted, following a guilty plea, to vehicular homicide by reckless driving and leaving the scene of a death-related accident, in violation of Iowa Code sections 707.6A(1), 321.261(1), and 321.261(4) (2011). The district court imposed a ten dollar drug abuse resistance education (DARE) surcharge as part of Gunderson's sentence for leaving the scene of a death-related accident. Gunderson did not file a direct appeal. On May 3, 2013, Gunderson fled a pro se motion to correct an illegal sentence, which the State resisted on May 28, 2013. A hearing was held on January 6, 2014. The district court denied Gunderson's motion on March 14, 2014. Gunderson filed a timely notice of appeal on March 31, 2014.

Gunderson claims the ten dollar DARE surcharge was an illegal sentence and should be vacated. We review claims of an illegal sentence for errors at law. *Kurtz v. State*, 854 N.W.2d 474 (Iowa Ct. App. 2014). Iowa Code section 911.2 provides the district court with authority to enter a ten dollar DARE surcharge "if a violation arises out of a violation of an offense provided for in chapter 321J or chapter 124, division IV." Iowa Code § 911.2(1) (2011). Gunderson claims section 911.2 does not authorize the district court to impose a DARE surcharge for his convictions of vehicular homicide by reckless driving, and leaving the

scene of a death-related accident. We resolved a similar issue in *State v. Konvalinka*, where we stated:

> Konvalinka's felony eluding conviction included the element, "The driver is in violation of section 321J or 124.401." *Id.* § 321.279(3)(b). Therefore, his eluding conviction arose out of a violation of one of the enumerated offenses that made the DARE surcharge applicable. We affirm this portion of the sentence.

No. 11-0777, 819 N.W.2d 426, at *8 (Iowa Ct. App. May 23, 2012).

Here, we have the opposite situation. The DARE surcharge was attached to Count III, leaving the scene of a death-related accident, in violation of Iowa Code sections 321.261 (1) and (4). Iowa Code section 321.261 does not include an element arising out of one of the enumerated offenses making the DARE charge applicable. However, the offense of vehicular homicide by reckless driving does have a provision pursuant to section 321J and a DARE fee should have been included for this offense. We reverse the denial of Gunderson's motion to correct an illegal sentence and remand for an amended sentencing order consistent with this opinion.

**REVERSED AND REMANDED.**