# IN THE COURT OF APPEALS OF IOWA

No. 14-0697
Filed March 11, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JOSHUA LANE HAYES,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Stuart D. Werling, Judge.


        Joshua Hayes appeals the district court's sentence following his guilty pleas. **SENTENCE VACATED IN PART AND REMANDED WITH DIRECTIONS.**


        Mark C. Smith, State Appellate Defender, and Rachel C. Regenold, Assistant Public Defender, for appellant.

        Thomas J. Miller, Attorney General, Kelli Huser, Assistant Attorney General, Michael J. Walton, County Attorney, and William Ripley, Assistant County Attorney, for appellee.


        Considered by Mullins, P.J., and Bower and McDonald, JJ.

**BOWER, J.**

Joshua Hayes appeals the district court's sentence following his guilty pleas to theft in the first degree, criminal mischief in the first degree, burglary in the second degree, nine counts of burglary in the third degree, and attempted burglary in the third degree, in violation of Iowa Code sections 714.2(1), 716.1, 716.2, 716.3, 713.5, 713.6A(1), 713.2, and 713.6B (2013). Hayes claims the district court abused its discretion by imposing, and not suspending, his sentence of incarceration. He also claims the court erred in requiring him to pay the entire costs of the action, rather than the costs associated with the charges for which he was convicted. We find the court did not abuse its discretion in sentencing Hayes. We find the court erred in assessing Hayes the court costs of dismissed charges, without an agreement to do so, and reverse the imposition of those costs for charges on which Hayes was not convicted.

## I.     BACKGROUND FACTS AND PROCEEDINGS

This case involves one sentencing hearing for three separate cases. Hayes pleaded guilty to one count of burglary in the second degree, nine counts of burglary in the third degree, one count of attempted burglary in the third degree, one count of theft in the first degree, and one count of criminal mischief in the first degree. The facts of these cases are noted in the following paragraphs.

First, from November 20, 2012, through January 6, 2013, Hayes and two accomplices damaged the property of seven Davenport businesses on six separate occasions. Hayes was originally charged with eleven counts for these

crimes, and he pled to theft in the first degree and criminal mischief in the first degree.

Second, on July 24, 2013, Hayes and three accomplices burglarized a commercial building in Davenport where one employee was present. The State charged, and Hayes pleaded guilty to, one count of burglary in the second degree.

Third, in late December, 2013, Hayes and one accomplice committed, or attempted to commit, ten burglaries at ten Davenport-area businesses on three separate days. Hayes was originally charged with fourteen counts for these crimes, and he pleaded guilty to ten counts, which included: nine counts of burglary in the third degree and one count of attempted burglary in the third degree.

The sentencing hearing was held on April 11, 2014, and the district court sentenced Hayes to a total period of incarceration not to exceed twenty-five years with a mix of concurrent and consecutive sentences. The district court dismissed several counts and ordered Hayes to pay all costs.

## II.    STANDARD OF REVIEW

Our review of a sentence imposed in a criminal case is for correction of errors at law. Iowa R. App. P. 6.907; *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). We will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure. *Formaro*, 638 N.W.2d at 724. We review challenges to the legality of a sentence for errors at law. *Kurtz v. State*, 854 N.W.2d 474, 478 (Iowa Ct. App. 2014).

III.    ANALYSIS

A.    Sentence

Hayes claims the district court abused its discretion by failing to suspend his sentence, or in the alternative, imposing a lesser term of incarceration.  "The decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters."  *Id.*  An abuse of discretion will not be found unless we are able to discern that the decision was exercised on grounds or for reasons that were clearly untenable or unreasonable.  *State v. Loyd*, 530 N.W.2d 708, 713 (Iowa 1995).

At the sentencing hearing, the district court stated: "The reason for the sentences.  Although the defendant's age and his record are mitigating circumstances, the aggravating circumstances regarding the seriousness of these offenses and the nature of these offenses is such as require the sentence that has been entered by this court."

The record in front of the district court reveals the extensive damage caused by Hayes's actions.  Hayes's age and the fact he participated in a treatment program are insufficient to overcome the harm he caused to business owners and their property in the Davenport area.  We find no abuse of discretion in the court's reasoning and affirm Hayes's sentence.  For the same reason, we conclude the district court did not abuse its discretion in declining to impose a lesser term of incarceration.

## B.    Court Costs

Hayes claims the court's order requiring he be assessed all costs of the action, rather than the costs associated with the counts on which he was convicted, amounted to a statutorily unauthorized, and therefore illegal, sentence.  The State agrees with Hayes's claim.

Upon a review of the Iowa Code sections 910.2 (restitution)[1] and 815.13 (payment of prosecution costs),[2] and applicable case law, we find Hayes is not responsible for the costs associated with the dismissed charges, and should only be taxed court costs associated with the charges for which he was convicted. *See State v. Petrie*, 478 N.W.2d 620, 622 (Iowa 1991) (holding "that the provisions of Iowa Code section 815.13 and section 910.2 clearly require, where the plea agreement is silent regarding the payment of fees and costs, that only such fees and costs attributable to the charge on which a criminal defendant is convicted should be recoverable under a restitution plan"); *see also State v.*

---

[1] Iowa Code section 910.2(1) requires:

> 1.  In all criminal cases in which there is a plea of guilty, verdict of guilty, or special verdict upon which a judgment of conviction is rendered, the sentencing court shall order that restitution be made by each offender to the victims of the offender's criminal activities, to the clerk of court for fines, penalties, surcharges, and, to the extent that the offender is reasonably able to pay, for crime victim assistance reimbursement, restitution to public agencies . . ., court costs including correctional fees . . ., court-appointed attorney fees . . ., including the expense of a public defender, when applicable, contribution to a local anticrime organization, or restitution to the medical assistance program . . . .

[2] Iowa Code section 815.13 provides, in part, fees and costs associated with prosecuting a criminal action are "recoverable by the county or city from the defendant unless the defendant is found not guilty or the action is dismissed."

*Goad*, No. 13-1319, 2014 WL 2885036, at *2 (Iowa Ct. App. June 25, 2014) (reversing court costs taxed by the district court for dismissed charges).

We affirm the district court's sentencing regarding Hayes's multiple convictions, but we remand this case for further proceedings to determine the appropriate amount of court costs consistent with this opinion.

**SENTENCE VACATED IN PART AND REMANDED WITH DIRECTIONS.**