# IN THE COURT OF APPEALS OF IOWA

No. 14-1576
Filed August 19, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MISBAKH AUMEMAH ABBASI,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Story County, Lawrence E. Jahn, District Associate Judge.


        Misbakh Abbasi appeals his sentence for assault on persons engaged in a certain profession. **SENTENCE VACATED AND REMANDED WITH DIRECTIONS.**


        Mark C. Smith, State Appellate Defender, and Theresa R. Wilson, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Kevin Cmelik and Kelli Huser, Assistant Attorneys General, Stephen Holmes, County Attorney, and Timothy Meals and Jennifer Russell, Assistant County Attorneys, for appellee.


        Considered by Tabor, P.J., McDonald, J., and Mahan S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MAHAN, S.J.**

Misbakh Abbasi appeals his sentence for assault on persons engaged in certain occupations. Abbasi claims the district court imposed an illegal sentence by requiring him to obtain a mental health evaluation and follow any recommended treatment in conjunction with his jail sentence. Abbasi also claims the district court imposed an illegal sentence by assessing him costs associated with dismissed charges. We find ordering Abbasi to obtain and follow the recommendations of a mental health evaluation is an illegal sentence. We further find the court wrongfully imposed costs associated with dismissed charges.

## I. Background Facts and Proceedings.

On August 18, 2013, Abbasi threw a pen at a Salvation Army employee after being told he would not be able to obtain energy assistance. Police found Abbasi after he left the building and, after questioning him about the incident, detained him. During the detainment, Abbasi grew upset with the officer and stated he was going to cut off the officer's head and kill him. Abbasi also spit in the officer's face. While attempting to secure Abbasi, the officer fell and injured his shoulder. Abbasi was taken into custody for interference with official acts—bodily injury and assault on persons in certain occupations in case number SRCR051215 (SRCR)—and disorderly conduct—fighting or violent behavior in case number SMSM075738 (SMSM).

Abbasi was formally charged with assault on persons engaged in certain occupations on August 29, 2014, in SRCR. In a pro se motion, Abbasi indicated he waived further proceedings and desired to plead guilty. On September 10

Abbasi appeared in court pro se and acknowledged he would represent himself. He pleaded guilty, though not in exchange for a plea offer, and asked for more time to address a separate matter relating to revocation of his probation. The State noted after Abbasi indicated a desire to plead guilty, it had sent a plea agreement to him indicating the State's sentencing recommendations, which included: six months in jail for the SRCR charge to run consecutive with any probation revocation and dismissal of the SMSM charge following the sentencing hearing. The district court accepted his plea.

On September 17, 2014, the court held a combination sentencing and probation revocation hearing. Abbasi was sentenced to 180 days in jail, required to undergo a mental health evaluation and complete all recommended treatment, "pay a fine of $315, a 35% surcharge, and the costs of this action," and all "companion charges/unresolved contempt matters are dismissed with costs taxed to the Defendant." The SMSM charge was dismissed pursuant to a court order on September 18 and costs were taxed to Abbasi.

## II. Standard of Review.

Challenges to the legality of a sentence are reviewed for errors at law. *Kurtz v. State*, 854 N.W.2d 474, 478 (Iowa Ct. App. 2014).

## II. Discussion.

### A. Sentence.

Both Abbasi and the State agree the court did not have the ability to order Abbasi to receive a mental health evaluation and follow recommended treatment. Courts may only impose a sentence subject to the legislature's "inherent power to prescribe punishment for crime" and therefore "[a] sentence not permitted by

statute is void." *State v. Ohnmacht*, 342 N.W.2d 838, 842 (Iowa 1983). District courts have broad authority to tailor conditions of probation to "either promote rehabilitation of the defendant or the protection of the community." *State v. Valin*, 724 N.W.2d 440, 445–46 (Iowa 2006) (internal quotation marks and citations omitted); *see also* Iowa Code § 907.6 (2013). This is not true when sentencing a defendant to jail with no other supervision conditions. Iowa Code section 901.5 states when determining the defendant's sentence "the court shall act accordingly" and provides options for the court to impose. Nothing in this section enables the court to impose mental health treatment on the defendant. Therefore, we find this portion of the sentence to be illegally imposed.

## B. Court Costs.

We must first address whether this issue is properly before our court. The State charged Abbasi in two cases, SRCR and SMSM. Abbasi appeals from the sentencing order in SRCR. The State argues Abbasi cannot appeal the costs associated with SMSM through an appeal from SRCR. We disagree. The court's sentencing order in SRCR ordered "[t]he remaining counts in this matter and/or any companion citation will be dismissed. If there are any costs associated with the dismissals, those will be assessed to the defendant." Because the costs for SMSM were assessed through the sentencing order in SRCR and we may consider the claim of an illegal sentence at any time, we find this issue is properly before the court. *See* Iowa R. Crim. P. 2.24(5)(a).

After review of Iowa Code sections 910.2 (restitution[1]) and 815.13 (payment of prosecution costs[2]) and case law, we find Abbasi is not responsible for costs associated with the dismissed charges. Abbasi should be taxed with only the costs for the counts on which he was convicted. *See State v. Petrie*, 478 N.W.2d 620, 622 (Iowa 1991) (holding "that the provisions of Iowa Code section 815.13 and section 910.2 clearly require, where the plea agreement is silent regarding the payment of fees and costs, that only such fees and costs attributable to the charge on which a criminal defendant is convicted should be recoverable under a restitution plan").

We vacate the district court's sentence. We remand to the district court for resentencing consistent with this opinion.

**SENTENCE VACATED AND REMANDED WITH DIRECTIONS.**

---

[1] Iowa Code section 910.2(1) requires:

> 1. In all criminal cases in which there is a plea of guilty, verdict of guilty, or special verdict upon which a judgment of conviction is rendered, the sentencing court shall order that restitution be made by each offender to the victims of the offender's criminal activities, to the clerk of court for fines, penalties, surcharges, and, to the extent that the offender is reasonably able to pay, for crime victim assistance reimbursement, restitution to public agencies . . . , court costs including correctional fees . . . , court-appointed attorney fees . . . , including the expense of a public defender, when applicable, contribution to a local anticrime organization, or restitution to the medical assistance program . . . .

[2] Section 815.13 provides, in part, fees and costs associated with prosecuting a criminal action are "recoverable by the county or city from the defendant unless the defendant is found not guilty or the action is dismissed."