**IN THE COURT OF APPEALS OF IOWA**

No. 14-2117
Filed December 9, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TERRY DARNELL JORDAN,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Marshall County, James A. McGlynn, Judge.


Terry Darnell Jordan appeals the conviction and sentence for willful injury causing injury. **SENTENCE VACATED IN PART AND REMANDED WITH DIRECTIONS.**


Mark C. Smith, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik and Bridget A. Chambers, Assistant Attorneys General, for appellee.


Considered by Doyle, P.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

Terry Darnell Jordan appeals his conviction for willful injury causing injury in violation of Iowa Code section 708.4(2) (2013). He claims the district court improperly assessed court costs for charges dismissed pursuant to a plea agreement.

On June 4, 2014, Jordan was charged with domestic abuse assault with intent to inflict serious injury or while using or displaying a dangerous weapon, in violation of Iowa Code sections 708.1, 708.2A(1), and 708.2A(2)(c); child endangerment, in violation of sections 726.6(1)(a) and 726.6(7); and willful injury causing bodily injury, in violation of section 708.4(2). On October 6, Jordan pleaded guilty to willful injury causing injury. On November 24, he was sentenced to a term of incarceration not to exceed five years. The sentence was suspended and Jordan was placed on supervised probation and ordered to reside at a residential correctional facility. The court ordered Jordan to pay the court costs of the action and his court appointed attorney fees.

Jordan appeals from the sentence and claims, pursuant to the plea agreement, he did not agree to pay court costs of the dismissed counts.

We review challenges to the legality of a sentence for errors at law. *Kurtz v. State*, 854 N.W.2d 474, 478 (Iowa Ct. App. 2014). The State claims Jordan has failed to preserve error on this claim. However, a defendant may challenge an illegal sentence at any time. *State v. Parker*, 747 N.W.2d 196, 212 (Iowa 2008). Finding no error preservation issue, we address the merits.

At the sentencing hearing, the prosecution outlined the plea agreement as follows:

> Your Honor, the State's recommendation is made pursuant to plea agreement. We would recommend that the Court sentence Mr. Jordan to a suspended term of incarceration not to exceed five years, that he be placed on supervised probation for a period of two to five years, that he be ordered to pay the minimum fine of $750, plus 35 percent surcharge. We have no objection to that fine and surcharge being suspended. We would recommend he pay court costs and court-appointed attorney fees, that the no contact order issued in this case be extended for a period of five years. As I mentioned earlier, that he make any victim restitution and, again, we would ask for 30 days to file any restitution requests. And we would also request that he be ordered to submit a DNA sample as required by statute. Your Honor, we would move to dismiss Counts 1 and 2 also pursuant to plea agreement at this time.

Jordan claims he did not agree to pay the court costs associated with the dismissed counts, and the prosecution unilaterally added court costs to the plea bargain.

Upon a review of the Iowa Code sections 910.2 (restitution) and 815.13 (payment of prosecution costs), and applicable case law, we find Jordan is not responsible for the costs associated with the dismissed counts, and should only be taxed court costs associated with the charges for which he was convicted. *See State v. Petrie*, 478 N.W.2d 620, 622 (Iowa 1991) (holding "that the provisions of Iowa Code section 815.13 and section 910.2 clearly require, where the plea agreement is silent regarding the payment of fees and costs, that only such fees and costs attributable to the charge on which a criminal defendant is convicted should be recoverable under a restitution plan"); *see also State v. Hupp*, No. 15-0012, 2015 WL 5311361, at *2 (Iowa Ct. App. Sept. 10, 2015) (reversing court costs taxed by the district court for dismissed charges where

plea agreement was silent on defendant's obligation to pay costs)*; State v. Lam*, No. 14-1582, 2015 WL 4935707, at *4 (Iowa Ct. App. Aug. 19, 2015) (same); *State v. Goad*, No. 13–1319, 2014 WL 2885036, at *2 (Iowa Ct. App. June 25, 2014) (same).

We affirm the district court's sentence regarding Jordan's conviction, but remand this case for further proceedings to determine the appropriate amount of court costs consistent with this opinion.

**SENTENCE VACATED IN PART AND REMANDED WITH DIRECTIONS.**