# IN THE COURT OF APPEALS OF IOWA

No. 14-0150
Filed January 27, 2016

**PERRY BERNARDO BENDER,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Webster County, Thomas J. Bice,
Judge.

Defendant appeals from the district court's denial of his application for
postconviction relief. **AFFIRMED.**

Shawn Smith of Shawn Smith, Attorney at Law, PLLC, Ames, for
appellant.

Thomas J. Miller, Attorney General, and Kelli Huser, Assistant Attorney
General, for appellee State.

Considered by Danilson, C.J., and Mullins and McDonald, JJ.

**DANILSON, Chief Judge.**

Perry Bender appeals from the district court's denial of his application for postconviction relief (PCR). Bender maintains his application should have been granted because he received ineffective assistance from trial counsel. Specifically, he maintains trial counsel was ineffective for allowing his sentence to be enhanced under the habitual offender statute because he received an illegal sentence for one of the underlying felony convictions.

The habitual offender enhancement of Iowa Code section 902.8 (2005) is triggered by convictions alone. Notwithstanding any issues with sentencing, Bender has not shown that his previous convictions were in error. Because Bender's 2001 conviction preceded his 2007 conviction, counsel was not ineffective for failing to object to the use of the 2001 conviction under the habitual offender statute. We affirm.

**I. Background Facts and Proceedings.**

In May 2006, Bender was charged by trial information with possession of a firearm by a felon subject to sentence enhancement as a habitual offender pursuant to Iowa Code section 902.8. Regarding the habitual offender enhancement, the State relied on a 1996 conviction for burglary in the third degree and a 2001 conviction for willful injury.

The matter proceeded to trial in February 2007, and a jury found Bender guilty of being a felon in possession of a firearm. A jury trial was also held on Bender's status as a habitual offender. The jury entered a finding that Bender was a habitual offender. The sentencing enhancement was imposed, and Bender was sentenced to a term of incarceration not to exceed fifteen years.

Later, our court found that Bender had received an illegal sentence for his 2001 conviction for willful injury. *See State v. Bender*, No. 12–0415, 2013 WL 2368826, at *3 (Iowa Ct. App. May 30, 2013). The court vacated the district court's initial sentencing order and remanded for resentencing. The court also stated, "We also reject Bender's pro se argument that due to a violation of Iowa Code section 708.4(2) his conviction should be vacated. We agree with the State's argument that the time for appeal of that conviction has passed and affirm the conviction."

Bender filed an application for PCR. As part of his application, Bender asserted that his habitual offender sentence is illegal because "the underlying felony of willful injury . . . was not complete as to both conviction and sentence." He maintained he received ineffective assistance from trial counsel because "had trial counsel conducted a proper legal and factual investigation, counsel would have readily ascertained that the conviction" for willful injury "had not reached a valid final judgment and could not be relied upon for enhancement purposes under the habitual offender statute."

On July 5, 2013, the district court denied Bender's application for PCR. Bender appeals.

**II. Standard of Review.**

Generally an appeal from a denial of an application for PCR is reviewed for corrections of errors at law. *Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012). However, when an applicant asserts claims of a constitutional nature, our review is de novo. *Id.* Thus, we review claims of ineffective assistance of counsel de novo. *Id.*

**III. Discussion.**

To prevail on a claim of ineffective assistance of counsel, Bender must prove by a preponderance of the evidence (1) counsel failed to perform an essential duty and (2) prejudice resulted from the failure. *See State v. Rodriguez*, 804 N.W.2d 844, 848 (Iowa 2011). To establish prejudice, Bender must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See State v. McCoy*, 692 N.W.2d 6, 25 (Iowa 2005). His claim fails if either element is lacking. *See Everett v. State*, 789 N.W.2d 151, 159 (Iowa 2010).

Bender maintains trial counsel was ineffective for allowing his sentence to be enhanced under the habitual offender statute because he received an illegal sentence for one of the underlying felony convictions. In other words, his argument can be summarized as follows: each offense must have be complete as to a *conviction and sentencing* before the commission of the next in order to qualify for the enhancement of penalty under a recidivism statute;[1] an illegal sentence is a void sentence; thus any prior conviction for which an illegal sentence was imposed is not complete as to both conviction and sentencing for purposes of enhancing a subsequent conviction, and counsel was ineffective for not challenging the imposition of the enhancement.

Bender's sentence was enhanced pursuant to Iowa Code section 902.8, which provides:

---

[1] Bender relies on *State v. Freeman*, 705 N.W.2d 286, 291 (Iowa 2005), for the proposition that "each offense must have been complete as to a conviction and sentencing before the commission of the next in order to qualifies for the enhancement of penalty under a recidivism statute."

> An habitual offender is any person convicted of a class "C" or a class "D" felony, who has twice before been convicted of any felony in a court of this or any other state, or of the United States. An offense is a felony if, by the law under which the person is convicted, it is so classified at the time of the person's conviction. A person sentenced as an habitual offender shall not be eligible for parole until the person has served the minimum sentence of confinement of three years.

When considering the word "conviction" in a statute used to enhance punishment, the word is construed to have a "relatively narrow and technical meaning." *Schilling v. Iowa Dep't of Transp.*, 646 N.W.2d 69, 71 (Iowa 2002). When used in its technical legal sense, "it requires a formal adjudication by the court and the formal entry of judgment of conviction." *Daughenbaugh v. State*, 805 N.W.2d 591, 597 (Iowa 2011).

"An appeal or subsequent challenge to a conviction and sentence does not render the judgment of conviction unenforceable during the pendency of the appeal." *Kurtz v. State*, 854 N.W.2d 474, 479 (Iowa Ct. App. 2014); *see also* Iowa Code § 811.5 (absent bail, defendant must begin serving the applicable sentence). A challenge to the legality of a sentence—even a challenge of constitutional magnitude—does not affect the enforceability of the underlying conviction. *See, e.g., Kurtz*, 854 N.W.2d at 479; *State v. Hoeck,* 843 N.W.2d 67, 72 (Iowa 2014). Rather, the challenge simply affects the enforceability of the particular sentence, and, in such a case, the defendant is entitled to be resentenced appropriately under existing law. *Kurtz*, 854 N.W.2d at 479. Moreover, here, our court explicitly rejected Bender's contention that his 2001 conviction should be vacated. *See Bender*, No. 12–0415, 2013 WL 2368826, at *3 ("We also reject Bender's pro se argument that due to a violation of Iowa Code

section 708.4(2) his conviction should be vacated. We agree with the State's argument that the time for appeal of that conviction has passed and affirm the conviction.").

The former version of the habitual offender statute was codified in Iowa Code section 747.5 (1973) and stated:

> Whoever has been twice convicted of crime, sentenced, and committed to prison, in this or any other state, or by the United States, or once in this state and once at least in any other state, or by the United States, for terms of not less than three years each shall, upon conviction of a felony committed in this state after the taking effect of this section, be deemed to be a habitual criminal, and shall be punished by imprisonment in the penitentiary for a term of not more than twenty-five years, provided that no greater punishment is otherwise provided by statute, in which case the law creating the greater punishment shall govern.

In interpreting the statute, our supreme court stated, "Even though the statute is silent on the point, it follows that the offense, conviction, and imposition of penalty must precede each succeeding offense, conviction, and imposition of penalty for the statute to be applicable." *State v. Conley*, 222 N.W.2d 501, 503 (Iowa 1974).

In 1978, the legislature amended the language of the statute to its present version. It now states:

> An habitual offender is any person convicted of a class "C" or a class "D" felony, who has twice before been convicted of any felony in a court of this or any other state, or of the United States. An offense is a felony if, by the law under which the person is convicted, it is so classified at the time of the person's conviction. A person sentenced as an habitual offender shall not be eligible for parole until the person has served the minimum sentence of confinement of three years.

Iowa Code § 902.8 (2005). Shortly thereafter, our supreme court was asked to interpret the amended statute. In *State v. Hollins*, 310 N.W.2d 216, 216 (Iowa

1981), the court stated, "Sentences and commitments for prior offenses need not be shown in order to impose the enhanced punishment for an habitual offender under the new statute," and "the trial court correctly held that the provisions of the present recidivism statute are triggered by convictions alone and not by any resulting prior sentences or commitments to prison." Additionally, the court adopted the "general rule" that "each succeeding conviction must be subsequent in time to the previous convictions, both with respect to commission of the offense and to conviction." *Hollins*, 310 N.W.2d at 217.

We acknowledge a case decided after *Hollins* and relied upon by Bender, *State v. Freeman*, 705 N.W.2d 286, 291 (Iowa 2005). *Freeman* referenced *Hollins* and recited:

> Despite the change in language in the statute, we reaffirmed our holding in Conley to follow the general rule that each offense must be complete as to a conviction and sentencing before commission of the next in order to qualify for the enhancement of penalty under a habitual offender statute.

*Freeman*, 705 N.W.2d at 289 (citing *Hollins*, 310 N.W.2d at 217-218). However, this recitation simply reaffirmed the general rule. It did not modify the exception to the general rule applied in *Hollins* that the habitual offender statute, Iowa Code section 902.8, only requires a conviction—and not a conviction and sentence—to be completed prior to the instant offense.[2] Accordingly, even if Bender's sentence for the 2001 conviction was illegal, the illegality did not affect the conviction itself. Because Bender's 2001 conviction preceded his 2007

---

[2] We also note that *Freeman* was a case involving a sentencing enhancement under Iowa Code section 124.401(5) as opposed to the habitual offender enhancement mentioned in *Hollins*.

conviction, counsel was not ineffective for failing to object to the use of the 2001 conviction under the habitual offender statute. We affirm.

**AFFIRMED.**