**IN THE COURT OF APPEALS OF IOWA**

No. 15-1955
Filed June 15, 2016

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**GEORGE THOMAS HARRINGTON,**
     Defendant-Appellant.
_____

     Appeal from the Iowa District Court for Cerro Gordo County, Karen Kaufman Salic, District Associate Judge.

     George Harrington appeals his sentence for one count of animal torture.

**AFFIRMED.**

     Sarah A. Reindl of Reindl Law Firm, Mason City, for appellant.

     Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee.

     Considered by Vogel, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

George Harrington appeals the district court's sentence following his *Alford* plea[1] to animal torture. Harrington claims the district court abused its discretion by imposing an illegal sentence in ordering him to not have animals in his home or under his care during the term of probation. We affirm the district court's sentence.

In July 2015, Harrington was charged with animal torture, in violation of Iowa Code section 717B.3A(3)(a)(1) (2015), for striking his dog in the head twice with a five-pound metal wedge hammer. In November, Harrington entered an *Alford* plea to animal torture and a sentencing hearing was held. Harrington was sentenced to sixty-days in jail, with all but two days suspended. He was ordered to pay fines, which were also suspended, and placed on probation for one year. A special term of his probation provided Harrington "shall not have any animals in his home or under his care during the period of probation." Harrington appeals.

Our review of a sentence imposed in a criminal case is for correction of errors at law. Iowa R. App. P. 6.907; *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). We will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure. *Formaro*, 638 N.W.2d at 724. We review challenges to the legality of a sentence for errors at law. *Kurtz v. State*, 854 N.W.2d 474, 478 (Iowa Ct. App. 2014).

---

[1] *North Carolina v. Alford*, 400 U.S. 25, 39 (1970). An *Alford* plea allows a defendant to plead guilty to a crime without admitting to the underlying facts that establish the crime. "[W]hen a defendant enters an *Alford* plea, he . . . does not admit participation in the acts constituting the crime. Though the defendant does not admit guilt, he . . . may voluntarily . . . consent to the imposition of a sentence." *State v. Burgess*, 639 N.W.2d 564, 567 n.1 (Iowa 2001) (citation omitted).

"When a defendant challenges the terms of probation, '[i]t has long been a well-settled rule that trial courts have a broad discretion in probation matters which will be interfered with only upon a finding of abuse of that discretion.'" *State v. Valin*, 724 N.W.2d 440, 444 (Iowa 2006) (citation omitted). "[O]ur task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds." *Id.* at 445.

Harrington claims the district court imposed an illegal sentence by exceeding its statutory authority by imposing a term of probation barring him from having animals in his home or under his care during his probation. He claims the term of probation will force him to move out of his home, because a resident in his home has a pet, or force the resident to leave the home or give up their pet.

Iowa Code section 717B.3A(3)(a)(1) defines first offense animal torture:

> (1) For the first conviction, the person is guilty of an aggravated misdemeanor. The sentencing order shall provide that the person submit to psychological evaluation and treatment according to terms required by the court. The costs of the evaluation and treatment shall be paid by the person. In addition, the sentencing order shall provide that the person complete a community work requirement, which may include a work requirement performed at an animal shelter or pound, as defined in section 162.2, according to terms required by the court.

Iowa Code section 903.1(2) defines an aggravated misdemeanor:

> When a person is convicted of an aggravated misdemeanor, and a specific penalty is not provided for, the maximum penalty shall be imprisonment not to exceed two years. There shall be a fine of at least six hundred twenty-five dollars but not to exceed six thousand two hundred fifty dollars. When a judgment of conviction of an aggravated misdemeanor is entered against any person and the court imposes a sentence of confinement for a period of more than one year the term shall be an indeterminate term.

Since the court suspended Harrington's sentence, Iowa Code section 907.3(3) provides the following guidance:

> Pursuant to section 901.5, the trial court may, upon a plea of guilty, a verdict of guilty, or a special verdict upon which a judgment of conviction may be rendered, exercise any of the options contained in this section.
> . . . .
> 3. By record entry at the time of or after sentencing, the court may suspend the sentence and place the defendant on probation *upon such terms and conditions as it may require* . . . .

(emphasis added).

Iowa Code section 907.6 authorizes the district court to define reasonable terms of probation, "which the court or district department may impose to promote rehabilitation of the defendant or protection of the community."

> A condition of probation promotes the rehabilitation of the defendant or the protection of the community when it addresses some problem or need identified with the defendant, or some threat posed to the community by the defendant. A condition is reasonable when it relates to the defendant's circumstances in a reasonable manner and is justified by the defendant's circumstances. Thus, the inquiry into the reasonableness of a condition of probation boils down to whether the statutory goals of probation are reasonably addressed. As a result, whether a condition meets the statutory goals of probation and whether it is reasonable are questions that are best addressed together.

*State v. Valin*, 724 N.W.2d 440, 446–47 (Iowa 2006) (citations omitted).

Here, in imposing this term of probation the district court stated:

> Mr. Harrington, obviously this is a very serious offense and it does fortunately appear to be an isolated incident and one that while very misguided, you were intending to do what you felt was right. Obviously what you felt was right was completely wrong and illegal and in the eyes of many people very cruel. Obviously there's a wide range of opinions that people hold with respect to care and treatment of animals. It seems a little strange—actually more than a little strange for you to feel that you rescued one of your dogs from the neighbors for neglect when you yourself repeatedly hit your dog. Obviously there's a very—the court has a very difficult

time reconciling those two opinions in your mind of how you felt what you did was right but what your neighbor did was neglectful and mistreatment.

The dog that was involved in this case obviously was denied the ability to be saved. The focus really is to ensure that this doesn't occur again and that if you're faced with similar circumstances, that you will make different choices. Based on what [defense counsel] says, obviously you now know there are some resources available to you that could have assisted you in a humane manner in getting aid to your dog. It's really unknown what the situation with the dog was. It might have been something that could have been remedied with some proper care, and certainly the court recognizes there is some cost with that, as there is with any pet and any responsibility, but those are some of the things that people should think about before they have an animal.

We find the district court did not impose an illegal sentence by barring Harrington from having animals in his home or under his care for a year. This term of the probation is reasonable as "it relates to the defendant's circumstances in a reasonable manner and is justified by the defendant's circumstances." *See Valin*, 724 N.W.2d at 446–47 (citation omitted). Given Harrington's admitted violent act toward his dog, we find it reasonable to remove all animals from his home. This term will provide for Harrington's rehabilitation while protecting the community's interest in stopping animal abuse. For the same reasons, we find the district court did not abuse its discretion in preventing Harrington from having animals in his home.

We affirm Harrington's sentence.

**AFFIRMED.**