# IN THE COURT OF APPEALS OF IOWA

No. 15-0817
Filed June 15, 2016

**DANIEL MAURICE CLAYBON,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, Jon C. Fister,

Judge.

Daniel Claybon appeals the dismissal of his fourth application for

postconviction relief. **AFFIRMED.**

Mark C. Meyer, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant

Attorney General, for appellee State.

Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**DANILSON, Chief Judge.**

Daniel Claybon appeals the district court's dismissal of his fourth application for postconviction relief (PCR), in which the district court concluded Claybon's claims were time-barred. We review the dismissal as time-barred for errors of law. *Harrington v. State*, 659 N.W.2d 509, 519–20 (Iowa 2003).

In 1990, Claybon was convicted of first-degree murder, with the jury returning a guilty verdict on felony murder with the felony being "willful injury and/or robbery." Claybon's conviction was affirmed on direct appeal in 1992, and prior postconviction-relief actions have been denied. *See Claybon v. State*, No. 12-1396, 2014 WL 1999057, at *1–2 (Iowa Ct. App. May 14, 2014). In the appeal from the dismissal of his third PCR action, Claybon asserted his "case should be remanded to the Black Hawk County District Court for a determination as to whether retroactive application of *Heemstra* is required by the equal protection, due process and separation of powers clauses of the Iowa Constitution, or the equal protection clause of the United States Constitution." *Id.* at *2. We declined to address the claim because he had not made it in the district court. *Id.*

Claybon then filed the current PCR application in October 2014, asserting the 2013 ruling in *Nguyen v. State* constitutes a new ground of law that could not have been raised within three years of his conviction becoming final; retroactive application of *Heemstra* is required by the equal protection, due process, and separation of powers clauses of the Iowa Constitution, or the equal protection clause of the United States Constitution; and his sentence was illegal. He claims he is in a similar position as Nguyen because he was convicted of first-degree

murder under the felony-murder alternative and the three-year PCR statute of limitations ran before *Heemstra* was decided.

In 2013, our supreme court issued the opinion in *Nguyen*, 829 N.W.2d 183, 188 (Iowa 2013), in which the court determined its ruling in *State v. Heemstra*, 721 N.W.2d 549 (2006), was a new ground of law so as to excuse the three-year statute-of-limitations bar for postconviction-relief cases. *See* Iowa Code § 822.3 (2013) (noting all actions for postconviction relief must be filed within three years from the date the conviction becomes final or the procedendo is issued in the case of a direct appeal). Because Nguyen had filed his PCR application within three years of the *Heemstra* decision, Nguyen's case was remanded for the district court to consider the merits of Nguyen's constitutional claims that *Heemstra* should be retroactivity applied.[1] *Nguyen*, 829 N.W.2d at 189.

Claybon asserts, as have several other PCR applicants, that the *Nguyen* holding is itself a new ground of law when it held the *Heemstra* decision was a new ground of law in order to avoid the three-year statute of limitations. The district court denied Claybon's argument, and we have denied similar arguments on appeal.[2]

---

[1] In the prior appeal, we observed:
> Claybon already raised a *Heemstra* claim in his 2006 PCR application and did not then contend that the denial of retroactive application violated his constitutional rights. Nor did he make that claim in his third PCR application filed July 2011. Even if he had made the claim in this third application, it would have been time-barred as it was filed more than three years after *Heemstra* was decided.

*Claybon*, 2014 WL 1999057, at *2 n.4.

[2] *See Smith v. State*, 15-0266, ___ N.W.2d ___, ___ (Iowa Ct. App. 2016); *see also Burkett v. State*, No. 14-0998, 2015 WL 5278970, at *3–4 (Iowa Ct. App. Sept. 10, 2015); *see also Moore v. State*, No. 14-1241, 2016 WL 1358489, at *2–3 (Iowa Ct. App.

Even assuming Claybon is somehow excepted from the three-year statute of limitations of section 822.3, the merits of Nguyen's arguments—that the Iowa and United States Constitutions require the *Heemstra* decision to be retroactively applied—were rejected by our supreme court. *See Nguyen v. State*, ___ N.W.2d ___, ___, 2016 WL 920320, at *9–14 (Iowa 2016). The supreme court ruled:

> [W]e conclude that Nguyen's postconviction counsel were not ineffective for failing to pursue a nonconstitutional, common law retroactivity argument. We also conclude that the nonretroactive application of *Heemstra* does not violate the due process, separation of powers, or equal protection clauses of the Iowa Constitution or the Equal Protection Clause of the United States Constitution.

*Id.* at *14. Moreover, the *Nguyen* court observed that *Montgomery v. Louisiana*, 577 U.S. ___, 136 S. Ct. 718 (2016)—a case which Claybon raises as an additional authority—did "not assist us in deciding this case. . . . *Heemstra* did not create a new substantive rule of constitutional dimension." *Id.* at 8 n.4.

Claybon contends his sentence is illegal. This contention is grounded upon his reliance on *Montgomery*.

"A defendant may challenge an illegal sentence at any time." *State v. Hoeck*, 843 N.W.2d 67, 70 (Iowa 2014).

> [A] challenge to an illegal sentence includes claims that the court lacked the power to impose the sentence or that the sentence itself is somehow inherently legally flawed, including claims that the sentence is outside the statutory bounds or that the sentence itself is unconstitutional. This conclusion does *not* mean that any constitutional claim converts a sentence to an illegal sentence.

---

Apr. 6, 2016); *Sihavong v. State*, No. 14-0440, 2016 WL 351286, at *2 (Iowa Ct. App. Jan. 27, 2016); *Thompson v. State*, No. 14-0138, 2015 WL 1332352, at *1 (Iowa Ct. App. Mar. 25, 2015); *Bear v. State*, 13-2077, 2015 WL 1054977, at *1 (Iowa Ct. App. Mar. 11, 2015); *Claybon v. State*, No. 12-1396, 2014 WL 1999057, at *2 n.4 (Iowa Ct. App. May 14, 2014).

*State v. Bruegger*, 773 N.W.2d 862, 871 (Iowa 2009) (emphasis added).

The rule does *not* allow litigants to "reassert or raise for the first time constitutional challenges to their underlying conviction." *Id.* The district court correctly dismissed Claybon's assertion that this conviction was erroneously entered, and therefore, his sentence was illegal. *See Kurtz v. State*, 854 N.W.2d 474, 479 (Iowa Ct. App. 2014) ("[T]here is no Iowa authority to suggest that a claim of an illegal sentence can be used to collaterally attack the conviction upon which an illegal sentence is based."). Claybon's conviction has not been successfully challenged, and his assertion of an illegal sentence is a mischaracterization of such a claim.

We affirm the district court's dismissal of Claybon's PCR application.

**AFFIRMED.**