**IN THE COURT OF APPEALS OF IOWA**

No. 18-1911
Filed September 25, 2019

**ADNAN SAHINOVIC,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Polk County, Samantha Gronewald,

Judge.

        Adnan Sahinovic appeals the dismissal of his application for postconviction

relief. **AFFIRMED.**

        Alexander Smith and Benjamin D. Bergmann of Parrish Kruidenier Dunn

Boles Gribble Gentry Brown & Bergmann L.L.P., Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney

General, for appellee State.

        Considered by Potterfield, P.J., and Mullins and Greer, JJ.

**GREER, Judge.**

Adnan Sahinovic appeals the summary dismissal of his application for postconviction relief (PCR). The district court dismissed the application based on the expiration of the statute of limitations. Arguing he timely filed his application, Sahinovic maintains the three-year statute of limitations began running from the date of his 2015 resentencing. We affirm the district court ruling.

### I. Background Facts and Proceedings.

On July 5, 2011, Sahinovic, then seventeen years old, entered an *Alford* plea[1] to robbery in the second degree and a guilty plea to misdemeanor forgery.[2] The court entered his sentence that same day. On the robbery charge, the court sentenced him to a ten-year term of incarceration with a mandatory minimum of seven-tenths of his sentence before eligibility for parole. *See* Iowa Code § 902.12(5) (2011). He did not appeal his conviction or sentence at this time.

After the Iowa Supreme Court declared mandatory minimum sentences for juvenile offenders unconstitutional in *State v. Lyle*, 854 N.W.2d 378, 400 (Iowa 2014), Sahinovic filed a motion to correct an illegal sentence, challenging the constitutionality of his sentence. Using our supreme court's guidance in *Lyle*, on April 27, 2015, the district court corrected his robbery sentence to impose a ten-year term of incarceration with the opportunity for parole and no mandatory minimum. Along with the challenge to his sentence, Sahinovic's motion raised

---

[1] An *Alford* plea is a variation of a guilty plea where the defendant does not admit participation in the acts constituting the crime but consents to the imposition of a sentence. *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

[2] For a full discussion of the procedural history and direct appeal of the resentencing order, see *State v. Sahinovic*, No. 15-0737, 2016 WL 1683039, at *1–2 (Iowa Ct. App. Apr. 27, 2016).

other issues with his plea and the effectiveness of his counsel. The court denied those issues.[3] Still unhappy with the plea agreement, Sahinovic appealed the resentencing order, arguing the convictions should be overturned under the plain-error doctrine.

With the sentence corrected but the first appeal pending, on August 12, 2015, Sahinovic commenced this PCR action. The State requested a stay of the PCR matter. The district court granted a stay until resolution of the appeal of the resentencing order. On April 27, 2016, we affirmed the district court's resentencing order. *See Sahinovic*, 2016 WL 1683039, at *2. Procedendo issued on June 22, 2016, concluding the appeal, and the district court lifted the stay of the PCR matter.

With the stay lifted, the State moved for summary judgment, asserting the three-year time bar under Iowa Code section 822.3 precluded Sahinovic's PCR application. The court granted the motion for summary disposition and reasoned,

> [Sahinovic]'s main argument in this matter is that his trial counsel failed to advise him regarding the risk of deportation prior to the entry of his guilty plea. . . . This argument relates back to events occurring on or before July 5, 2011; however, [Sahinovic] asserts this does not preclude the court from considering his Petition because his conviction was not final until the date of his resentencing in 2015. In making this argument, [Sahinovic] seeks to avoid the dismissal of his Petition as time-barred. In contrast, [the State] asserts [Sahinovic]'s challenges to his original plea and sentencing are barred by the statute of limitation. The court agrees.

Believing he timely filed the PCR application, Sahinovic appeals the summary dismissal.

---

[3] Addressing those other issues, the court noted, "[h]e may be able to challenge his plea by post-conviction relief or other means, but cannot do so as part of this action."

**II. Standard of Review.**

"Generally, we review a grant of a motion to dismiss a PCR petition for correction of errors at law." *Allison v. State*, 914 N.W.2d 866, 870 (Iowa 2018). This includes summary dismissals of applications for PCR. *Manning v. State*, 654 N.W.2d 555, 560 (Iowa 2002). Because this appeal involves a summary ruling, our standards for summary dismissals in PCR actions are analogous to those in civil cases. *Moon v. State*, 911 N.W.2d 137, 142–43 (Iowa 2018) ("We apply our summary judgment standards to summary disposition of postconviction-relief applications.").

**III. Analysis.**

We must determine when the statute of limitations for a PCR application begins to run in cases where the district court resentences a criminal defendant to correct an illegal sentence. If the statute of limitations began running after the April 27, 2015 resentencing, the trial court erred by dismissing the PCR action. On the other hand, if the statute of limitations commenced with the initial plea and sentence, it expired in 2014. Applying those same standards, the district court held that the July 5, 2011 plea and sentencing, and not the April 27, 2015 resentencing, triggered the start of the statute of limitations and dismissed the application. We agree.

To begin our analysis, we examine the relevant statute. With certain exceptions not relevant here, all PCR "applications must be filed within three years from the date *the conviction or decision is final* or, in the event of an appeal, from the date the writ of procedendo is issued." Iowa Code § 822.3 (emphasis added). In this context, the Iowa Supreme Court interprets "conviction" to mean "entry of a

judgment of conviction." *Daughenbaugh v. State*, 805 N.W.2d 591, 599 (Iowa 2011).

Sahinovic contends the time period for filing rests on what the term "conviction" means in Iowa Code section 822.3. To extend the statutory time for filing, Sahinovic asserts this language means the date of *sentencing*. By extension, Sahinovic argues the statute of limitations restarts when he was resentenced; thus, the date of the new sentencing hearing must be used.

Even with the technical reading of the statutory terms, Sahinovic's arguments fail. Addressing a similar position, we held that during an appeal or challenge to a conviction or sentence, the judgment of conviction is not made unenforceable. *Kurtz v. State*, 854 N.W.2d 474, 479 (Iowa Ct. App. 2014).

> While Iowa law permits a claim of an illegal sentence to be raised at any time—even on a collateral attack—there is no Iowa authority to suggest that a claim of an illegal sentence can be used to collaterally attack the conviction upon which an illegal sentence is based.

*Id.* at 480. Thus, in the resentencing proceeding, the conviction stood and the focus remained on what legal sentencing terms to impose. *Accord Custis v. United States*, 511 U.S. 485, 497 (1994) (stating without a successful constitutional challenge to the validity of the conviction, a reversal or vacation of an illegal sentence cannot support a collateral attack on the underlying conviction). To be clear, Sahinovic was *convicted* of the charges at the time of his 2011 guilty plea and sentencing.

In summary, a conviction is "the establishment of guilt independent of judgment and sentence." *Daughenbaugh*, 805 N.W.2d at 597. Because the court entered judgement and sentencing on July 5, 2011, with no timely direct appeal,

his time to file a PCR application expired on July 6, 2014. Thus, Sahinovic's August 12, 2015 PCR application is time barred, and we affirm the district court's summary dismissal of his application.

**AFFIRMED.**